cedent, to sue the indorser, Savage, and plaintiff's cause of action was complete, aside from the unsuccessful attempt to collect from the indorser. Downer v. Madison County Bank, 6 Hill, 648; Hitchcock v. Bank of Suspension Bridge, 57 App. Div. 458, 460, 68 N. Y. Supp. 234.

The judgment appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide event. All concur.

---

### KEIL v. MAXWELL et al.

(Supreme Court, Special Term, Kings County. April 13, 1915.)

MANDAMUS ⬤══79—TEACHERS—ELIGIBILITY—"SATISFACTORY."

 Under Greater New York Charter (Laws 1901, c. 466) § 1089, giving the board of examiners of the board of education power to issue licenses, and necessarily to determine under the by-laws of the department who are entitled thereto, the term "satisfactory," as used in a by-law providing that applicants for licenses as assistant teachers in high schools must have had five years' satisfactory experience in teaching, means satisfactory to the board of examiners, and not to the court, which cannot substitute its judgment, and compel the board to place relator's name on the eligible list.

 [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 170–176; Dec. Dig. ⬤══79.

 For other definitions, see Words and Phrases, First and Second Series, Satisfactory.]

Motion by one Keil for mandamus, directed to one Maxwell and others, as the Board of Examiners of the Board of Education, to place relator's name on the eligible list as an assistant teacher. Denied.

John T. Loew, of New York City, for petitioner.

Charles McIntyre, Asst. Corp. Counsel, of New York City, for the defendants.

BLACKMAR, J. Motion for a mandamus directed to the board of examiners of the board of education commanding them to place the relator's name on the eligible list as an assistant teacher of mathematics for high schools. The relator's petition states that "section 84 of the by-laws of the board of education provides that applicants for licenses as assistant teachers in high schools must have had five years' 'satisfactory' experience in teaching," and that the board of examiners refused his license, and to place his name on the eligible list, "upon the claim that his experience as grade teacher has not been 'satisfactory.'"

On the face of relator's petition he is not entitled to a writ of mandamus, not even to an alternative writ; for, even if the allegations of the petition were established by the verdict of a jury, he could not succeed. "Satisfactory" means satisfactory to the board of examiners, and not to a court or jury. The power to issue licenses, and, necessarily, to determine, under the by-laws of the department, who are entitled to the

---

⬤══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

same, is given by law to the board of examiners (section 1089 of the charter). The court cannot substitute its judgment that the experience of the relator was satisfactory in the place of that of the board of examiners.

Motion denied, with $10 costs.

---

### PEOPLE v. ROSINO.

(Supreme Court, Appellate Division, Second Department. April 9, 1915.)

CRIMINAL LAW ☞824—SELF-DEFENSE—INSTRUCTIONS—REQUESTS—NECESSITY.

Where no question of the duty of accused, relying on self-defense, to retreat, arose on the trial, and was not touched on in the charge, and the court charged that one had no right to attack in self-defense until he had done everything in his power to avoid its necessity, and that he must show that there was reasonable ground to believe he was in peril, and no other safe means of escape were open to him, accused, not requesting any charge on the theory that the killing occurred in his own apartment, could not complain of the failure to charge that one attacked in his own home could stand his ground.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1996–2004; Dec. Dig. ☞824.]

Appeal from Nassau County Court.

Joseph Rosino was convicted of murder in the second degree, and he appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Peter P. Smith, of Brooklyn, for appellant.

Charles I. Wood, Asst. Dist. Atty., of Mineola (Lewis J. Smith, Dist. Atty., of Mineola, on the brief), for the People.

PER CURIAM. An examination of the proofs leads to the view that defendant had a fair trial, and that the verdict of conviction is supported by the testimony. No error appears in the court's rulings as to evidence. His charge was a correct statement of the law as to such a homicide.

The reversal in People v. Tomlins, 213 N. Y. 240, 107 N. E. 496, rendered over two years after this trial, moves appellant's counsel now to urge that, as this shooting was in defendant's own apartment, the court should have told the jury that one so attacked in his home had the right to stand his ground. No question of the duty to retreat arose on the trial, or was touched upon in the charge. The court correctly held that one has no right to attack for the purpose of self-defense until he has done everything in his power to avoid its necessity. He must show that there was reasonable ground for him to believe he was in great peril, and that no other safe means of escape was open to him. In the absence of requests for further instructions, we think this gave the jury the proper rule as to shooting an assailant in the situation which the evidence disclosed.

The judgment of conviction should be affirmed.